Christopher S. Hill (9931)
Zachary C. Lindley (17261)
**KIRTON McCONKIE**
36 South State Street, #1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
chill@kmclaw.com
zlindley@kmclaw.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| RICHARD F. RUSSELL,<br><br>        Plaintiff,<br><br>v.<br><br>MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>        Defendant. | **STIPULATED MOTION FOR SCHEDULING ORDER**<br><br>Case No. 4:24-cv-00098-AMA-PK<br><br>District Judge: Ann Marie McIff Allen<br><br>Magistrate Judge: Paul Kohler |

Plaintiff Richard F. Russell ("Plaintiff") and Defendant Massachusetts Mutual Life

Insurance Company ("Defendant") (collectively, the "Parties"), by and through their undersigned

counsel, hereby submit this Stipulated Motion for Scheduling Order ("Stipulated Motion").  In

support of this Stipulated Motion, the Parties state as follows:

The Parties have reached an agreement on the Attorney Planning Meeting Report, submitted

concurrently herewith.  The Parties respectfully request that the Court grant this Stipulated Motion

and enter the proposed Scheduling Order emailed concurrently herewith.

1

A copy of the Attorney Planning Meeting Report is attached as **Exhibit A**, and copies of the proposed Scheduling Order and proposed Order Granting this Motion have been emailed simultaneously to: utdecf_kohler@utd.uscourts.gov.

Dated this 4th day of March, 2025.

**KIRTON McCONKIE**

By: /s/ *Zachary C. Lindley*
Christopher S. Hill
Zachary C. Lindley
*Attorneys for Plaintiff*

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: /s/ *Franziska R. Mangot*
(with permission via email)
Franziska R. Mangot
*Attorneys for Defendant*

4896-5200-1046.v1

# EXHIBIT A

4896-5200-1046.v1

Christopher S. Hill (9931)
Zachary C. Lindley (17261)
**KIRTON McCONKIE**
36 South State Street, #1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
chill@kmclaw.com
zlindley@kmclaw.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| RICHARD F. RUSSELL,<br><br>  Plaintiff,<br><br>v.<br><br>MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>  Defendant. | **ATTORNEY PLANNING MEETING REPORT**<br><br>Case No. 4:24-cv-00098-AMA-PK<br><br>District Judge: Ann Marie McIff Allen<br><br>Magistrate Judge: Paul Kohler |

## 1. PRELIMINARY MATTERS

| | | |
|---|---|---|
| a. | | Claims and Defenses: *(describe the nature and basis of claims and any affirmative defenses)* |
| | i. | Plaintiff Richard F. Russell ("**Plaintiffs**") assert claims for: (1) Breach of Contract; and (2) Breach of Implied Covenant of Good Faith and Fair Dealing. |
| | ii. | Defendant Massachusetts Mutual Life Insurance Company ("**Defendant**") denies each of Plaintiff's claims and asserts the following affirmative defenses (paraphrased from Defendant's Answer for convenience): (1) Failure to State a Claim; (2) Laches, Waiver, or Estoppel; (3) Claims precluded by terms of the policies; (4) Good Faith; (5) No Attorneys' Fees; (6) Reasonable Conduct; (7) No Breach of Contract; (8) No Causation; (9) Conditions Precedent; (10) Unjust Enrichment; and (11) Full Performance. Defendant also reserved the right to assert and rely upon such other applicable affirmative defenses |

4899-2530-5123.v1

| | | as may become available or apparent during the course of the action. No counterclaim was asserted concurrently with Defendant's Answer to Plaintiff's Complaint. | | |
|---|---|---|---|---|
| b. | | Fed. R. Civ. P. 26(f)(1) Conference: *(date the conference was held)* | N/A[1] | |
| c. | | Participants: *(include the name of the party and attorney, if applicable)* <br> Zach Lindley for Plaintiffs <br> Kate Villanueva for Defendant | | |
| d. | | Fed. R. Civ. P 26(a)(1) Initial Disclosures: *(the parties have exchanged initial disclosures or will exchange no later than the date provided)* | 3/21/2025 | |
| e. | | Under Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by the court's electronic-filing system or email transmission. <br><br> Electronic service constitutes notice and service as required by those rules. The right to service by USPS mail is waived. | Yes ☒ | No ☐ |

## 2. PROTECTIVE ORDER

| | | The parties anticipate the case will involve the disclosure of information, documents, or other materials that will be designated as confidential. | Yes ☒ | No ☐ |
|---|---|---|---|---|
| a. | | | | |
| b. | | If the case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, then good cause exists for the court to enter the court's Standard Protective Order (SPO) under DUCivR 26-2: The parties believe that this case may involve disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL and/or CONFIDENTIAL ATTORNEYS' EYES ONLY. | | |
| c. | | If a protective order is needed and the parties **are not** using the court's SPO, then the court's SPO, in effect under DUCivR 26-2, will govern until a different protective order—proposed by the parties via motion under DUCivR 7-1(a)(4)(D)—is adopted by the court. <br><br> The parties' proposed protective order should identify a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must be included in the proposed protective order under Fed. R. Evid. 502(d): *(describe the process)* | | |

---

[1] Parties came to an agreement without the need for a conference.

4899-2530-5123.v1

| | | |
|---|---|---|
| | | N/A |
| d. | | If the parties do not anticipate the case will involve the disclosure of information, documents, or the materials that will be designated as CONFIDENTIAL, the parties still should identify, in the space below, a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must also be included in the proposed Scheduling Order: The parties shall comply with the terms of Section (C) of the SPO. |

**3. DISCOVERY PLAN**

| | | | | |
|---|---|---|---|---|
| a. | | Discovery Plan: The parties agree to the following discovery plan. <ul><li>If the parties disagree, clearly indicate the disagreement in the space below:</li></ul> | Yes ☒ | No ☐ |
| b. | | Discovery Subjects: *(describe the subject areas in which discovery will be needed)*<br><br>Without waiver of any objections to the following areas of discovery, the parties anticipate seeking discovery relating to the relationship and interactions between Plaintiff and Defendant; communications between Plaintiff and Defendant; the underlying policies (contracts) at issue; damages. The parties reserve the right to seek discovery on other subjects as discovery proceeds. | | |
| c. | | Discovery Phases:<br><br><ul><li>Will discovery be conducted in phases? If so, please explain.</li></ul>Discovery will not be conducted in phases.<br><br><ul><li>Will discovery be limited to or focused on particular issues? If so, please explain and identify whether discovery will be accelerated on any issue and the due dates.</li></ul>Discovery will not be limited to or focused on particular issues. | | |
| d. | | Electronically Stored Information: (describe how the parties will handle discovery of electronically stored information)<br><br>1. ESI File Format: All ESI will be produced either in native format or in an industry standard load file, PDF, image, and/or text format that is searchable, preserves family relationships and includes at least the following data fields: file name or subject, date sent or last modified, | | |

|  |  | custodian, author, sender, recipient, CC and BCC. Excel, PowerPoint, audio and video files shall be produced natively. |  |
|  | 2. | _ESI Search Methodology:_ Each party may use the following search methodology: Keyword search, but only if the party also produces to the other party the terms searched for and what was searched using the terms. |  |
|  | 3. | To the extent there is an issue with the formatting of ESI, the parties agree to meet and confer in good faith to resolve the issue. |  |

## 4. FACT DISCOVERY

| a. | Fact Discovery Limitations— | | |
|---|---|---|---|
|  | 1. | Maximum number of depositions by Plaintiff: | 10 |
|  | 2. | Maximum number of depositions by Defendant: | 10 |
|  | 3. | Maximum number of hours for each deposition: (_unless extended by agreement of parties_) | 7, excluding breaks |
|  | 4. | Maximum interrogatories by any party to any party: | 25 |
|  | 5. | Maximum requests for admissions by any party to any party: | 25 |
|  | 6. | Maximum requests for production by any party to any party: | 25 |
|  |  |  |  |
| b. | Other Fact Discovery Deadlines— | | |
|  | 1. | Deadline to serve written discovery: | 08/29/2025 |
|  | 2. | Deadline for fact discovery to close: | 09/30/2025 |
|  | 3. | Deadline for supplementation of disclosures and responses under Fed. R. Civ. P. 26(e): (_optional_) | _N/A_ |

## 5. AMENDING OF PLEADINGS AND JOINING OF PARTIES[2]

| a. | Deadline to file a motion to amend pleadings— | |
|---|---|---|
|  | 1. | Plaintiffs: | 07/21/2025 |
|  | 2. | Defendant: | 07/21/2025 |
|  |  |  |  |
| b. | Deadline to file a motion to join additional parties— | |
|  | 1. | Plaintiffs: | 07/21/2025 |
|  | 2. | Defendant: | 07/21/2025 |

## 6. EXPERT DISCOVERY

| a. | Filing of Notice of Designation required by DUCivR 26-1(a)(2)— | | |
|---|---|---|---|
|  | 1. | Parties bearing the burden of proof: | 10/31/2025 |
|  | 2. | Parties not bearing the burden of proof: | 11/28/2025 |

---

[2] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

4899-2530-5123.v1

| | | | | |
|---|---|---|---|---|
| b. | Service of Fed. R. Civ. P. 26(a)(2) Disclosures and Reports— | | | |
| | 1. | Parties bearing the burden of proof: | | 10/31/2025 |
| | 2. | Parties not bearing the burden of proof: | | 11/28/2025 |
| | 3. | Rebuttal reports, if any: | | 01/09/2026 |
| | | | | |
| c. | Deadline for expert discovery to close: | | | 02/27/2026 |

## 7.  OTHER DEADLINES AND TRIAL-RELATED INFORMATION

| | | | | |
|---|---|---|---|---|
| a. | | Deadline for filing dispositive or potentially dispositive motions: *(including a motion to exclude experts when expert testimony is required to resolve the motion)* | | 03/31/2026 |
| b. | | Trial: | Bench ☐ | Jury ☒ |
| c. | | Trial days: | | 2 days |


 /s/ *Zachary C. Lindley*_____          Date: 03/04/2025___
Signature and typed name of Plaintiff's Attorney (*or Party's Name if self-represented*)


. /s/ *Franziska R. Mangot* (with permission)_____          Date: 03/04/2025
Signature and typed name of Defendant's Attorney (*or Party's Name if self-represented*)

4899-2530-5123.v1