Benjamin A. Blair (18853)
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian St., Suite 2500
Indianapolis, IN 46204
Tel.: 317.237.0300
Benjamin.blair@faegredrinker.com

Kate L. Villanueva (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square
Philadelphia, PA 19106
Telephone: (215) 988-2700
Kate.villanueva@faegredrinker.com

*Attorneys for Defendant Massachusetts
Life Insurance Company*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| RICHARD F. RUSSELL,<br><br>Plaintiff,<br><br>v.<br><br>MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>Defendant. | **DEFENDANT MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Case No. 4:24-cv-00098<br><br>District Judge: Ann Marie McIff Allen<br>Magistrate Judge: Paul Kohler |

i

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and Local Rule 7-1(a)(3), Defendant Massachusetts Mutual Life Insurance Company ("MassMutual"), by and through undersigned counsel, hereby opposes Plaintiff's Cross-Motion for Judgment on the Pleadings, D.E. 36.

## I.    <u>INTRODUCTION</u>

In his Cross-Motion, Plaintiff contends that he is entitled to judgment in an amount certain ($1,347,023.64) for all the reasons set forth in his Opposition to MassMutual's Motion for Judgment on the Pleadings (D.E. 35).[1]   Although MassMutual agrees that the case may be resolved as a matter of law, Plaintiff's Cross-Motion and proposed "judgment" further undermine Plaintiff's position and confirm that the policies are unambiguous.

Most significantly, Plaintiff included in his Cross-Motion a table of "damages."  The table reflects monthly amounts payable reflecting "a COLA Rider 5% annual increase," with the amounts increasing exponentially each month.  D.E. 36 at 4 & n.7.  In other words, although Plaintiff did not clearly proffer an alternative (reasonable) interpretation in his Opposition to MassMutual's Motion,[2]  Plaintiff

---

[1] MassMutual likewise incorporates by reference all the reasons and arguments set forth in its Motion for Judgment on the Pleadings.

[2] It is not clear, for example, whether Plaintiff interprets the amount payable under the Lifetime Rider to include the precise amount of COLA benefits that were payable at the age of 65, or whether Plaintiff interprets the amount payable under the Lifetime Rider to include continued COLA increases.  *Compare* D.E. 35 at 24 (arguing only that "Lifetime Rider does in fact apply in some manner to the COLA Rider benefits" when discussing purported emails indicating COLA benefits will not continue to increase), *with* D.E. 1 (Compl.), ¶24 (alleging that he is "entitled to

1

apparently interprets the Lifetime Riders as providing for <u>ever-continuing COLA increases</u>.

## II.    <u>ARGUMENT</u>

As set forth in its Motion for Judgment on the Pleadings, D.E. 32, MassMutual disagrees that the policies are ambiguous because, *inter alia*, the Lifetime Rider and Coverage Page identify the amount payable under the Lifetime Rider.  Yet Plaintiff's Cross-Motion presents yet another basis in support of MassMutual's Motion: Plaintiff's purported interpretation that COLA benefits continue to increase for life is directly at odds with the contractual provision that <u>says the opposite</u>.

The COLA Rider contains an explicit provision titled "How Long We'll Pay Benefit Increases," with the age of 65 as the applicable end-date.  *See* D.E. 1 at 18, 33.

> **How Long We'll Pay Benefit Increases.** While you're totally or residually disabled, we'll pay benefit increases until the earliest of:
> - the date your total or residual disability ends;
> - the date the maximum benefit period under this rider ends;
> - the anniversary on or after your 65th birthday.

---

be paid both the Base Policy Benefits and the COLA Rider benefit increases for the rest of Dr. Russell's lifetime").

2

Plaintiff's theory that COLA benefits continue to increase beyond the age of 65 simply cannot be reconciled with the COLA Rider.  It is this direct conflict that further undermines the notion that Plaintiff's interpretation is reasonable.

## III.    **<u>CONCLUSION</u>**

For the foregoing reasons and the reasons set forth in MassMutual's Motion and Reply, MassMutual respectfully requests that the Court grant judgment in favor of MassMutual and against Plaintiff.

Dated: October 7, 2025

/s/ *Kate Villanueva*
Kate L. Villanueva (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square
Philadelphia, PA 19106
Telephone: (215) 988-2700
Kate.villanueva@faegredrinker.com

*Attorneys for Defendant Massachusetts Mutual
Life Insurance Company*

3

## CERTIFICATE OF SERVICE

I, Benjamin Blair, hereby certify that, on October 7, 2025, I caused a true and correct copy of the foregoing document to be served via CM/ECF on the following parties:

Christopher S. Hill, Esq.
Zachary C. Lindley, Esq.
KIRTON McCONKIE
36 South State Street, #1900
Salt Lake City, Utah 84111
chill@kmclaw.com
zlindley@kmclaw.com

*Attorneys for Plaintiff*

/s/ Kate Villanueva

4